## MINNICK v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 63, September Term, 1957.]

*Decided January 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application by Frederick M. Minnick for leave to appeal from a denial of a writ of *habeas corpus* by Henderson, C. J., of the Circuit Court for Allegany County.

The petitioner pleaded guilty to a charge of robbery in the Criminal Court of Baltimore (Niles, C. J.), and was sentenced to a term of nine years in the Maryland Penitentiary from January 8, 1954, but he is now confined in the House of Correction.

646

In his petition, the petitioner, in addition to reciting his version of the facts which led to his arrest and subsequent trial and conviction, alleges that he was an innocent by-stander and became a victim of circumstances because he ran from the scene of the robbery with his companion, who actually perpetrated the robbery. When he realized what he was doing he ceased running and submitted to capture by the victim of the robbery. Other than several platitudes with respect to the enforcement of criminal laws, criminal responsibility, criminal intent, and criminal punishment, he assigned only one reason why he should be granted the writ he seeks, which was the incompetence of his counsel in that he failed to exert himself in the petitioner's behalf and entered a plea of guilty without consulting the petitioner and obtaining his permission, and in effect is seeking a new trial on the question of his guilt or innocence. However, the petitioner does not allege that he complained to the trial court of the conduct of his attorney. We have ruled time and time again that alleged ineptness, lack of diligence or incompetency of counsel is not a reason for the issuance of a writ of *habeas corpus* in the absence of an allegation of fraud, bad faith or collusion by defense counsel with the State's Attorney or other official. *Brigmon v. Warden* (1957), 213 Md. 628, 631, 131 A. 2d 245.

Moreover, as we have said so often, the question of guilt or innocence cannot be considered on *habeas corpus*. To do so would amount to a new trial on the merits. *Davis v. Warden* (1956), 208 Md. 675, 676, 119 A. 2d 365.

*Application denied, with costs.*